**Rosa THOMAS, Guardian of the Estate and Person of Nancy Carter, an Incompetent, Plaintiff,**

v.

**Viola BROWN, also known as Viola Loyd, and the heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, of Sebron Loyd, Deceased, Defendants.**

Civ. No. 5638.

United States District Court
E. D. Oklahoma.

March 19, 1965.

Quarter (SE/4) of Section Thirty-five (35), Township Three (3) South, Range Seven (7) East of Indian Meridian.

South One-half (S/2), Southeast Quarter (SE/4), Southeast Quarter (SE/4) of Section Thirty-five (35), Township Three (3) South, Range Seven (7) East of Indian Meridian.

West One-half (W/2) of West One-half (W/2) of Southwest Quarter (SW/4) of Section Thirty-six (36), Township Three (3) South, Range Seven (7) East of Indian Meridian.

Northeast Quarter (NE/4), Northwest Quarter (NW/4), Southwest Quarter (SW/4) of Section Thirty-six (36), Township Three (3) South, Range Seven (7) East of Indian Meridian.

Northwest Quarter (NW/4), Southwest Quarter (SW/4), Section One (1), Township Four (4) South, Range Seven (7) East of Indian Meridian.

North One-half (N/2), Southwest Quarter (SW/4), Northwest Quarter (NW/4), Section Thirty-six (36), Township Three (3) South, Range Seven (7) East of Indian Meridian, all in Johnston County, State of Oklahoma.

The plaintiff is a citizen and resident of Oklahoma County, Oklahoma, within the Western Judicial District, and the defendant is a citizen and resident of the State of California. The amount in controversy exceeds the sum of $10,000, exclusive of interest and costs, and this Court has jurisdiction of the parties and the subject matter.

It is contended by the plaintiff that Viola Brown, also known as Viola Loyd, and her alleged husband, Sebron Loyd, deceased, were first cousins, and therefore under the laws of Oklahoma their marriage was illegal and invalid, and Viola Loyd, not being the lawful wife of Sebron Loyd, was not entitled to inherit upon the death of her alleged husband, Sebron Loyd. This fact is controverted by the defendants, who claim that Viola Loyd and Sebron Loyd were not first

Thad L. Klutts, Oklahoma City, Okl., for plaintiff.

Ed Dudley, Madill, Okl., and J. E. Bullard, Tishomingo, Okl., for defendants.

BOHANON, District Judge.

This action was instituted by the plaintiff against the defendants, seeking to quiet title to certain lands situated in Johnston County, Oklahoma, to-wit:

Southeast Quarter (SE/4) of Southeast Quarter (SE/4) of Section Twenty-two (22), Township Three (3) South, Range Seven (7) East of Indian Meridian.

South One-half (S/2) of Southwest Quarter (SW/4) of Section Twenty-five (25), Township Three (3) South, Range Seven (7) East of Indian Meridian.

Southeast Quarter (SE/4) of Northeast Quarter (NE/4) of Southeast Quarter (SE/4), Section Thirty-five (35), Township Three (3) South, Range Seven (7) East of Indian Meridian.

Northeast Quarter (NE/4) of Southeast Quarter (SE/4) of Southeast

cousins, but their mothers were only step-sisters and not related by blood.

### Findings of Fact

1. Although the testimony is conflicting, the Court finds that Cindy Powell, a widow with a family of four children, one of whom was Elizabeth Powell, a daughter, married Joseph Hampton, Sr., a widower, who had three children, one of whom was Annie Hampton, a daughter.

2. Elizabeth Powell, a daughter of Cindy Powell, married Silas Brown, and Annie Hampton, a daughter of Joseph Hampton, married Jefferson Loyd. Elizabeth Powell and Silas Brown, wife and husband, had several children, one being Viola Brown, and Annie Hampton and Jefferson Loyd, wife and husband, had several children, one of whom was Sebron Loyd. Sebron Loyd married Viola Brown.

3. The children of Cindy Powell and the children of Joseph Hampton, Sr., were step-daughters and step-sisters. They were not related by blood. The mothers of Sebron Loyd and Viola Brown Loyd were step-sisters, and had no common father, mother, grandfather, or grandmother.

4. A marriage license was issued by the Clerk of Grayson County, Texas, authorizing the marriage between Sebron Loyd and Viola Brown. This license is dated February 6, 1924. As a part of said marriage license, it is certified that J. H. Baxter, Minister, on the 6th day of February, 1924, united in marriage Sebron Loyd and Viola Brown.

5. In addition to the marriage license and the certificate of the Minister, other testimony and evidence shows that Sebron Loyd and Viola Brown were married in Sherman, Texas, on the date stated in the marriage license certified by the Minister.

6. The Court finds that at the date and time of the marriage of Sebron Loyd and Viola Brown, they had no property or money. Viola Brown Loyd testified that at the time they were married, Se-
bron had a horse, saddle, and the clothes he was wearing, and that is all.

7. Soon after the marriage of these parties, they moved to the small town of Milburn, in Johnston County, Oklahoma. They were both industrious, hard-working people, and through their exclusive joint efforts and industry, over a period of over twenty-four years, acquired the above-described land. They had no children. Sebron Loyd died intestate on or about the 27th day of September, 1960.

8. The evidence shows, and the Court finds, that from the date of their marriage, Viola Loyd worked diligently, together with her husband, Sebron, to acquire the property involved in this case. The evidence further shows, and the Court finds, that for several years prior to the death of Sebron Loyd, Viola Loyd did all of the work in and around the farm and property above described. She worked in men's clothing and as a man would work; she fed the hogs, the cows, the chickens, and took care of any other livestock owned by the parties; she did the plowing, put in and gathered the crops—all this because her husband Sebron for several years was physically unable to do this work.

9. The Court finds from the evidence that all the property involved in this case was, as heretofore stated, acquired by the joint industry and efforts of Viola Loyd and her deceased husband, Sebron Loyd.

10. The evidence shows that the plaintiff in this case or her ancestors contributed no part toward the accumulation of the property involved in this action.

11. The State District Court of Johnston County, Oklahoma, in Case No. 7927, an action involving the same question that is involved here, that is, whether the said Sebron Loyd and Viola Loyd were first cousins, but involving other lands in Johnston County, by Judgment entered on the 28th day of October, 1964, found as follows:

"The Court finds that the plaintiff, Viola Loyd, was the legal wife of Sebron Loyd and that at the time

of their marriage each was legally competent to marry the other and neither was related to the other. The mother of Sebron Loyd, Annie Hampton Loyd, and the mother of Viola Loyd, Elizabeth Powell Brown, were step-sisters by marriage, but were not related by blood and were not within the prohibitive degree of kinship, and that upon the death of her husband, Sebron Loyd, Viola Loyd was competent to and did inherit the property, above described, of her said husband."

The State Court Judgment involved a small interest in a certain piece of property in Johnston County, not here involved, but which presented the same questions as are presented in this case. That is, the relationship between Sebron Loyd and Viola Loyd, and the latter's right to inherit. Although this State Judgment is not conclusive and binding upon this Court, it should be given weight and consideration.

12. Title 43, Sec. 2, Okl.Stat.1961, provides as follows:

"Marriages between ancestors and descendents of any degree, of a step-father with a stepdaughter, step-mother with a stepson, between uncles and nieces, aunts and nephews, except in cases where such relationship is only by marriage, between brothers and sisters of the half, as well as the whole blood, and first cousins and second cousins, are declared to be incestuous, illegal and void, and are expressly prohibited."

It is by reason of this statute that plaintiff in this case contends that she is entitled to a decree quieting her title to the land involved.

■ As the Court has heretofore found, supra, Sebron Loyd and Viola Loyd were not related by blood and were not prohibited from marrying, as they did, and therefore the statute above quoted is not applicable.

The above set forth statute is mentioned in these Findings only for the purpose of illustrating and bringing into focus the claim of the plaintiff.

### Conclusions of Law

1. The Court concludes as a matter of law that Sebron Loyd and Viola Loyd were not related by blood; their respective mothers were step-sisters.

■ 2. That all of the property involved in this case was acquired by the joint efforts and industry of Sebron Loyd and Viola Loyd during their marriage relationship.

3. That Title 84 O.S.A., Sec. 213, provides in part:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * * (T)hat in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

The Court concludes from the above Findings of Fact and Conclusions of Law that the plaintiff, Rosa Thomas, Guardian of the Person of Nancy Carter, an Incompetent, is not entitled to recover in this cause, and that her prayer to quiet her alleged title in and to the above-described property should be denied.

It is the further conclusion of the Court that Viola Loyd, the wife of the deceased Sebron Loyd, is entitled to be declared the owner in fee simple of the above-described property and to have her title quieted thereto.

Judgment and Decree will be entered accordingly.